# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **ALMA ROSA RANGEL AND** | § | |
| **ROBERTO RANGEL, JR.** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **CASE NO. _____** |
| **STATE FARM LLOYDS** | § | |
| **Defendant.** | § | |

---

**INDEX OF MATTERS BEING FILED
AND LIST OF ALL COUNSEL OF RECORD**

---

Defendant State Farm Lloyds ("Defendant") submits this Index of Matters Being Filed and List of All Counsel of Record pursuant to Local Rule 81 of the United States District Court for the Southern District of Texas. Pursuant to the Local Rule 81, the following items are being filed with the filed by Defendant:

1. Index of Matters Being Filed and List of All Counsel of Record;

2. Copies of all executed process, pleadings asserting causes of action and all orders signed by the state judge as follows:

   A. Plaintiffs' Original Petition, filed July 18, 2019 (attached as Exhibit 1-A);

   B. Service to Defendant on September 18, 2019 (attached as Exhibit 1-B);

   C. Defendant's Original Answer and Verified Plea in Abatement, filed on October 11, 2019 (attached as Exhibit 1-C);

3. A copy of the state court docket sheet (attached as Exhibit 1-D).

The parties' respective attorneys are as follows:

A.   ATTORNEYS FOR PLAINTIFFS:

Eddie Lane
PERRY & SHIELDS LLP
2900 North Loop W., Suite 850
Houston, Texas 77092
T: 713-955-3102
F: 281-715-3209
elane@perryshields.com
opresas@perryshields.com

B.   ATTORNEYS FOR DEFENDANT:

Elizabeth Sandoval Cantu
Fed. ID No. 310028/State Bar No. 24013455
**RAMÓN | WORTHINGTON, PLLC**
900 Kerria Ave.
McAllen, Texas 78501
(956) 294-4800 - Phone
ecantu@ramonworthington.com
**ATTORNEY IN CHARGE FOR DEFENDANT**

**Of Counsel:**
Sofia A. Ramon
Fed. ID No. 20871/State Bar No. 00784811
Dan K. Worthington
Fed. ID No. 15353/State Bar No. 00785282
Sarah A. Nicolas
Fed. ID No. 32122/State Bar No. 24013543
Stephen W. Bosky
Fed. ID No. 3076205/State Bar No. 24087190
**RAMÓN | WORTHINGTON, PLLC**
900 Kerria Ave.
McAllen, Texas 78501
(956) 294-4800 - Phone
efile@ramonwothington.com

Dated: October 14, 2019.

# EXHIBIT 1-A

CAUSE NO: <u>2019CVK001319D3</u>

| | | |
|---|---|---|
| ALMA ROSA RANGEL AND ROBERTO | § | IN THE DISTRICT COURT OF |
| RANGEL, JR., | § | |
| PLAINTIFFS | § | |
| | § | |
| VS. | § | WEBB COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS, | § | |
| DEFENDANT | § | ___341st__ JUDICIAL DISTRICT |

## <u>PLAINTIFFS' ORIGINAL PETITION WITH WRITTEN DISCOVERY</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

 **NOW COME** ALMA ROSA RANGEL and ROBERTO RANGEL, JR., hereinafter called Plaintiffs, complaining of and about STATE FARM LLOYDS, hereinafter called Defendant, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

 1. ALMA ROSA RANGEL and ROBERTO RANGEL, JR., Plaintiffs affirmatively plead that they seek only monetary relief no more than $75,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees, and intend that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

 2. Plaintiffs are individuals that own real property in Webb County, Texas.

 3. Defendant, STATE FARM LLOYDS is an insurance company engaging in the business of insurance in the State of Texas. This Defendant may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

---

Alma Rosa Rangel and Roberto Rangel, Jr. – POP with Disc – SFL        Page 1

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action because Plaintiffs seek damages within the jurisdictional limits of this Court and because the causes of action asserted herein are not subject to exclusive jurisdiction in another Court.

5.      This Court has jurisdiction over Defendant because this Defendant is an insurance company that engages in the business of insurance in Texas, and Plaintiffs cause of action arose out of this Defendant's business activities in Texas.

6.      Venue in Webb County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because a substantial part of the events or omissions giving rise to this lawsuit occurred in Webb County, Texas. Furthermore, venue is proper in Webb County, Texas because the insured property is in this county.

## FACTS

7.      Plaintiffs are the owners of a Texas Homeowner's Insurance policy (hereinafter referred to as "the Policy"), which as issued by Defendant.

8.      Defendant sold and issued Plaintiffs the Policy insuring the property against damages caused by hail, windstorm and other covered perils.

9.      During the effective policy period, Plaintiffs owned real property with improvements located at 2906 Pinder Avenue, Laredo, Texas 78040, located in Webb County, Texas (hereinafter referred to as "the Property").

10.     During the effective policy period, the Property described above sustained severe damages to the roof due to the direct force of wind and hail. As a result, the inside of the Property sustained resulting water damage from storm created openings in the roof.

11.     Plaintiff duly notified Defendant of the damage sustained and asked that Defendant pay for the damages to the Property and other damages covered by the terms of the Policy.

12.     Defendant then assigned Plaintiff Claim No. 53-5451-H69 (hereinafter "the Claim") and assigned an adjuster, agent, representative of Defendant to perform a site inspection of the damages and evaluate and process the Claim.

13.     Defendant improperly adjusted Plaintiffs' claim and failed to conduct a reasonable and thorough investigation of the covered damages. Without limitation the report misrepresented the cause of, scope of, and cost to repair the damage to Plaintiffs' home, as well as the amount of insurance coverage for Plaintiffs' losses under the Policy.  Defendant made these and other false representations to Plaintiffs, either knowingly or recklessly.  Defendant made these false representations with the intent that Plaintiffs act in accordance with the misrepresentations.  Plaintiffs relied on their misrepresentations, including but not limited to, those regarding the cause of, scope of, and cost to repair the damage to Plaintiffs' home. Plaintiffs have been damages as a result of that reliance.

14. The inspection of Plaintiffs' Property on August 22, 2018 was brief, substandard and inadequate. The inspection report failed to include all the damages that were observed during the inspection and undervalued the damages and ultimately denied/underpaid the Claim. Despite the existence of obvious and easily identifiable damages, the report claimed there were minimal storm related damages and the condition of the roof was misrepresented as well as the cause of water intrusion and interior damages.  Defendant's liability for the extension of further coverage and further payment was reasonably clear.

15. Plaintiffs were entitled to receive benefits that were covered by the insurance policy. However, Defendant performed an outcome-oriented investigation of Plaintiffs' Claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs losses on the Property. Defendant has delayed payment to Plaintiffs for necessary and covered Property damages under the Policy. To date, Defendant has yet to make a full payment on the Claim.

16.     Plaintiffs were forced to hire their own representative to inspect and evaluate the obvious damages to the Property that Defendant deliberately ignored to avoid payment on the Claim. Additionally, as a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain an attorney to prosecute the claim for insurance benefits to which they are entitled.

17. Plaintiffs' experience is not an isolated case. The wrongful acts and omissions Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regards to handling these types of claims. Defendant's entire claim process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

18.     As set forth below, Defendant failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiffs' Claim by:

a.      Wrongfully denying Plaintiffs' Claim for full repairs to the Property even though the Policy provides coverage for losses such as those Plaintiffs are claiming;

b.      Underpaying some of Plaintiffs Claim by not providing full coverage for damages sustained to the Property;

c.      Improperly and inadequately scoping the damages to the Property during Defendant's investigation; and

d.      Continuing to delay in the payment of damages to the Property, including the roof and interior.

19.     Additionally, Defendant breached its contractual obligation to Plaintiffs by continuing to refuse to adequately compensate Plaintiffs for the damage to the Property pursuant to the terms of the Policy.  Notably, Defendant refused to pay for the proceeds of the Policy despite the fact pre-suit demand for payment in the amount sufficient to cover the damage to the Property was made.

20.     Plaintiffs complied with all obligations under the Policy, and all conditions precedent to recovery upon the Policy are satisfied.

21.     Defendant continues to delay in the payment of the damages to the Property despite Plaintiffs' request.  Accordingly, Plaintiffs have not been paid and/or paid in full for the damages to the Property.

22.     As a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain legal counsel to represent Plaintiffs with respect to these causes of action.

## CAUSES OF ACTION

23.     Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

## BREACH OF CONTRACT

24.     Defendant had a contract of insurance with Plaintiffs.  Defendant breached the terms of that contract by wrongfully denying and/or underpaying the Claim and Plaintiffs were damaged thereby.

25.     Due  to  Defendant's  breach  of  the  contract  terms  and  continual denial/underpayment of this Claim, Plaintiffs continue to sustain damages to their Property.

26.     Defendant's breach proximately caused Plaintiff's injuries and damages.

27.     Plaintiffs have been required by the actions of Defendant to retain the services of undersigned counsel and have agreed to pay undersigned counsel reasonable attorney's fees.

## UNFAIR SETTLEMENT PRACTICES or DECEPTIVE ACTS OR PRACTICES

28.     Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

29.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

30.     Defendant is liable for its unfair and deceptive acts as defined by TEX. INS. CODE §541.002.

31.     Defendant violated TEX. INS. CODE §541.060(a) by engaging in unfair settlement practices during the handling of the claim.   All of Defendant's violations are actionable pursuant to TEX. INS. CODE §541.151.

32.     Defendant engaged in the following unfair settlement practices:

a.     Pursuant to TEX. INS. CODE §541.060(a)(1), misrepresenting to Plaintiffs material facts or Policy provisions relating to the coverage at issue by indicating that the damage to the Property was not covered under the Policy even though it was reasonably clear that the damage was caused by a covered peril.

b.     Pursuant to TEX. INS. CODE §541.060(a)(2)(A), failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Defendant's liability under the Policy was reasonably clear.   Specifically, Defendant failed to make an attempt to settle the Claim fairly despite the fact that Defendant was aware of its liability to Plaintiffs under the Policy.

c.     Pursuant to TEX. INS. CODE §541.060(a)(1), failing to promptly provide Plaintiffs with a *reasonable* explanation of the basis in the Policy, in relation to the facts or applicable law, for defendant's denial of the Claim or offer of a compromise settlement of the Claim.   Specifically, Defendant failed to offer Plaintiffs adequate compensation for damages to the Property without *reasonable* explanation as to why full payment was not being made.

      d.      Pursuant to TEX. INS. CODE §541.060(a)(4), failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiffs or to submit a reservation of rights. Specifically, Plaintiffs did not receive a timely, written indication of acceptance or rejection regarding the entire claim.

      e.      Pursuant to TEX. INS. CODE §541.060(a)(7), refusing to pay Plaintiffs' Claim without conducting a *reasonable* investigation with respect to the Claim. Defendant's outcome-oriented investigation of the Claim resulted in unfair evaluation of the Damage to Plaintiff's Property.

33.      Each of the foregoing unfair settlement practices was committed with knowledge by Defendant and was a producing cause of Plaintiffs' injuries and damages.

34.      Specifically, Defendant violated the Texas Deceptive Trade Practices Act ("DTPA") in the following respects:

      1.      Defendant represented that the agreement confers or involves rights remedies, or obligations which it does not have, or involve, or which are prohibited by law.

      2.      Defendant failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed.

      3.      Defendant, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by §17.50(a)(1)(3) of the DTPA, in that Defendant took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

35.      Defendant knowingly committed the acts complained of. As such, Plaintiffs are entitled to exemplary and/or treble damage pursuant to the DTPA and TEX. INS. CODE §541.152(a)-(b).

## MISREPESENTATION OF INSURANCE POLICY VIOLATIONS

36.    Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

37.    Additionally, Defendant made misrepresentations about Plaintiffs' insurance Policy and Claim in violation of TEX. INS. CODE §541.061. All of Defendant's violations are actionable pursuant to TEX. INS. CODE §541.151.

38.    Defendant engaged in deceptive insurance practices by making an untrue statement of material fact in violation of §541.061(1). Specifically, Defendant misrepresented the true scope and amount of the Claim despite the existence of obvious and easily identifiable property conditions warranting the extension of further coverage under the Policy.

39.    Each of the foregoing unfair settlement practices was committed with knowledge by Defendant and was a producing cause of Plaintiffs' injuries and damages.

## PROMPT PAYMENT OF CLAIMS VIOLATION

40.    Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

41.    Plaintiffs' Claim is a claim under the insurance Policy issued by Defendant, of which Plaintiffs gave Defendant proper notice. As set forth more fully below, Defendant's conduct constitutes a violation of the Texas Prompt Payment of Claims Statute, which is made actionable by TEX. INS. CODE §542.060.

42.    Specifically, Defendant violated the Prompt Payment of claims provisions of TEX. INS. CODE §542 by:

   a.    Failing to acknowledge receipt of Plaintiffs' Claim, commence investigation of the Claim, and request from Plaintiffs all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, which

constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055;

b.    Failing to notify Plaintiffs in writing of its acceptance or rejection of the full and entire Claim within the applicable time constraints provided by TEX. INS. CODE §542.056; and

c.    Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058. Defendant delayed full payment of the Claim and, to date, Plaintiffs still have not receive full payment on the Claim.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING/BAD FAITH

43.    Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

44.    Since Plaintiffs initially presented the Claim to Defendant, the liability of Defendant to pay the full Claim in accordance with the terms of the Policy was reasonably clear. The damage to Plaintiffs home was not apparent until after the loss made the basis of Plaintiffs' insurance Claim. It is no coincidence that there was no apparent windstorm, rain, and/or hail damage prior to the loss, and significant damage just after. The wind damage to the property was at all times reasonably clear during Defendant's claim investigation, such that any adjuster or insurance carrier acting in good faith would know or should have known to acknowledge and accept coverage for such damages. Instead, Defendant purposely failed to acknowledge and accept full coverage for reasonably clear wind damage. Alternatively, Defendant was grossly negligent in failing to acknowledge and accept full coverage for the reasonably clear wind damages to the property.

45.    As a result of Defendant's outcome-oriented investigation, Defendant continues to refuse to pay Plaintiffs in full for the Claim.

46.     Defendant denied coverage and delayed payment for the full amount of Plaintiffs' claim when it had no reasonable basis for doing so. Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, and its failure, as set forth above, to adequately and reasonably investigate and evaluate Plaintiffs' Claim, constitutes a breach of the duty of good faith and fair dealing.

47.     The Texas Supreme Court has recognized a "duty on the part of insurers to deal fairly and in good faith with their insureds. That duty emanates not from the terms of the insurance contract, but from an obligation imposed in law 'as a result of a special relationship between the parties governed or created by a contract.'" *Viles v. Security Nat. Ins. Co.,* 788 S.W. 2d 566, 567 (Tex. 1990) (*citing Arnold v. National County Mutual Fire Insurance Co.,* 725 S.W. 2d 165 (Tex. 1987)).  Therefore, insured can institute a cause of action against insurers for breach of the duty of good faith and fair dealing.

48.     Defendant and Plaintiffs are in a special relationship, created by the insurance contract, giving rise to a duty on the part of Defendant to deal fairly and, in good faith with Plaintiffs, who are the insured.

49.     Defendant breached its duty of good faith and fair dealing by:

    a.     Failing to provide a reasonable basis for denial or underpayment of the Claim; and /or,

    b.     Failing to determine whether there was a reasonable basis for denial or delay of the Claim.

*Arnold*, 725 S.W. 2d at 167.

50.     Defendant systematically and routinely denies or underpays valid claims to the detriment of its policyholders. As set forth above, the wrongful acts and omissions State Farm committed in this case, or similar acts and omissions, occur with such frequency that they

constitute a general business practice of Defendant with regard to handling of these types of claims.

51.     By virtue of its systematic wrongful denials, Defendant compels its policyholders to seek legal representation and initiate and maintain a suit to recover an amount due under the policy by offering nothing or substantially less than the amount that will be recovered by a suit brought by the insured.

52.     Defendant failed to adopt or implement reasonable standards for prompt investigation of claims arising under its policies or is deliberately adopting standards calculated to maximize its profit to the detriment of its policyholders. Defendant is knowingly directing its personnel, agents and/or adjusters to undervalue or underpay valid claims.

53.     Defendant knowingly committed the act of denying and/or underpaying claims without a reasonable basis, therefore, Plaintiffs are entitled to actual and exemplary damages at law.

## KNOWLEDGE

54.     Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

55.     Each of the acts as set forth in each of the afore-mentioned causes of action, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiffs' damages described herein.

## ECONOMIC / ACTUAL DAMAGES

56.     Plaintiffs sustained the following economic / actual damages as a result of the actions and/or omissions of Defendant described hereinabove:

      (a)    Out-of-pocket expenses;

      (b)    Loss of the "benefit of the bargain."

      (c)    Diminished or reduced market value.

      (d)    Costs of repairs.

      (e)    Remedial costs and/or costs of completion.

      (f)    Reasonable and necessary engineering or consulting fees.

### DAMGES

57.    Plaintiffs would show that all the aforementioned causes of action, taken together and singularly, establish the producing causes of the damages sustained by Plaintiffs.

58.    Plaintiffs' damages have yet to be fully addressed or repaired since the incident, causing further damage to the Property and causing undue burden to Plaintiffs. Upon trial of this case, it will be shown that these damages are a direct result of Defendant's improperly handling of the Claim in violation if the laws set forth above.

59.    For the breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the Claim, together with attorneys' fees.

60.    As a result of the noncompliance with the Texas Insurance Code Unfair Settlement Practices provisions, Plaintiffs are entitled to actual damages, which includes the loss of the contractual benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorneys' fees. For Defendant's knowing conduct in violating these laws, Plaintiffs respectfully request treble damages pursuant to TEX. INS. CODE §541.152.

61.    Pursuant to TEX. INS. CODE §542.060, as a result of the noncompliance with the Texas Insurance Code Prompt Payment of Claims provision, Plaintiffs are entitled to the entire amount of the Claim, eighteen (18) percent interest per annum on the amount of the Claim and

reasonable and necessary attorneys' fees.

62.     For the breach of the common-law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendants' breach, exemplary damages and damages for emotional distress.

63.     As a result of the necessity in engaging the service of an attorney to prosecute this Claim, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

64.     Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs are seeking only monetary relief of $75,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees.

## RESERVATION OF APPRAISAL RIGHTS

65. By filing this lawsuit herein, Plaintiffs do not waive, and expressly reserve their right under the policy to demand an appraisal for determination of the actual cash value amount of loss and  replacement cost value amount of loss with respect to the property damage claims Plaintiffs assert in this lawsuit.

## ARRIFRMATIVE DEFENSES

66. *Waiver.* Defendant has waived certain policy conditions, duties imposed on the Plaintiffs, and terms of coverage of the insurance policy at issue.

67. ***Contra Proferuntum.*** Defendant's contract is unilateral and in the event of ambiguity must be held against the drafter.

## JURY DEMAND

68.     Plaintiffs hereby request that all causes of action alleged herein be tried before a jury, and hereby tender the appropriate jury fee.

## WRITTEN DISCOVERY

69. Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs requests that Defendant disclose the information or material described in Rule 194.2, within 50 days of service of these requests.

70. In addition to the content subject to disclosure under Rule 194.2, Plaintiffs request disclosure of all documents, electronic information, and tangible items that the Defendant has in its possession, custody, or control and may use to support Defendant's claims or defenses.

71. Defendant is also requested to respond to the attached interrogatories and requests for production within fifty (50) days, in accordance with the instructions stated therein.

## NOTICE OF AUTHENTICATION

72. You are advised that pursuant to Tex. R. Civ. P. 193.7, Plaintiffs intend to use all documents exchanged and produced between the parties, including but not limited to correspondence and discovery responses during the trial of the above-entitled and numbered cause.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully pray that upon trial hereof, final judgment be rendered for Plaintiffs as follows:

1) Judgment against Defendant for actual damages, including mental anguish, in an amount to be determined by the jury;

2) Statutory penalties;

3) Treble damages;

4) Exemplary and punitive damages;

5) Prejudgment interest as provided by law;

6) Post-judgment interest as provided by law;

7) Attorneys' fees;

8) Costs of this suit; and

9) Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully Submitted,

PERRY & SHIELDS LLP
2900 NORTH LOOP W., SUITE 850
HOUSTON, TX 77092
Tel: (713) 955-3102
Fax: (281) 715-3209

By:_____
Eddie Lane
State Bar No. 24067719
E-Service: elane@perryshields.com
opresas@perryshields.com

Attorneys for Plaintiffs

# INSTRUCTIONS

A. These discovery request call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and them.

B. Pursuant to the applicable rules of civil procedure, produce all documents responsive to these Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within the time period set forth above to Perry & Shields, LLP, 2900 North Loop West, Suite 850, Houston, Texas 77092.

C. If you claim that any document or information which is required to be identified or produced by you in any response is privileged, produce a privilege log according to the applicable rules of civil procedure.

1. Identify the document's title and general subject matter;
2. State its date;
3. Identify all persons who participated in its preparation;
4. Identify the persons for whom it was prepared or to whom it was sent;
5. State the nature of the privilege claimed; and
6. State in detail each and every fact upon which you base your claim for privilege.

D. If you claim that any part or portion of a document contains privileged information, redact only the part(s) or portion(s) of the document you claim to be privileged.

E. If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion. **Interrogatories must be answered under oath and supported by an affidavit.**

F. You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

1. You know the response made was incorrect or incomplete when made or
2. You know the response, though correct and complete when made, is no longer true and complete, and the circumstances.

## DEFINITIONS

A. **"Defendant," "State Farm Lloyds," "You," "Your(s),"** refers to STATE FARM LLOYDS, its agents, representatives, employees and any other entity or person acting on its behalf.

B. **"Defendants" refers to State Farm Lloyds.**

C. **"Plaintiffs"** refer to the named Plaintiffs in the above-captioned suit.

D. **"The Property(ies)" or "property(ies)"** refers to the property or properties located at the address covered by the Policy.

E. **"The Policy(ies)" or "policy(ies)"** refers to the policy issued to Plaintiffs by the insurer and at issue in this lawsuit.

F. **"The Claim(s)" or "claim"** means the claim for insurance benefits submitted by Plaintiffs and at issue in this lawsuit, or in a prior claim, as the context may dictate.

G. **"Date of Loss"** refers to the date(s) of loss identified in Plaintiffs' live petition/complaint or other written or oral notice, or otherwise assigned to the claim by the insurer.

H. **"Handle"** or **"Handled"** means investigating, adjusting, supervising, estimating, managing, settling, approving, supplying information or otherwise performing a task or work with respect to the claim(s) at issue in this lawsuit, excluding purely ministerial or clerical tasks.

I. **"Lawsuit"** refers to the above styled and captioned case.

J. **"Communication" or "communications"** shall mean and refer to the transmission or exchange of information, either orally or in writing, and includes without limitation any conversation, letter, handwritten notes, memorandum, inter or intraoffice correspondence, electronic mail, text messages, or any other electronic transmission, telephone call, telegraph, telex telecopy, facsimile, cable, conference, tape recording, video recording, digital recording, discussion, or face-to-face communication.

K. The term **"Document"** shall mean all tangible things and data, however stored, as set forth in the applicable rules of civil procedure, including, but not limited to all original writings of any nature whatsoever, all prior drafts, all identical copies, all nonidentical copies, correspondence, notes, letters, memoranda, intraoffice memoranda, client conference reports, files, agreements, contracts, evaluations, analyses, records, photographs sketches, slides, tape recordings, microfiche, communications, printouts, reports, invoices, receipts, vouchers, profit and loss statements, accounting ledgers, loan documents, liens, books of accounting, books of operation, bank statements, cancelled checks, leases, bills of sale, maps, prints, insurance policies, appraisals, listing agreements, real estate closing documents, studies, summaries, minutes, notes, agendas, bulletins, schedules, diaries, calendars, logs, announcements, instructions, charts, manuals, brochures, schedules, price lists, telegrams, teletypes, photographic matter, sound reproductions, however recorded, whether still on tape or transcribed to writing, computer tapes, diskettes, disks, all other methods or means of storing data, and any other documents. In all cases where originals, prior drafts, identical copies, or nonidentical copies are not available; "document" also means genuine, true and correct photo or other

copies of originals, prior drafts, identical copies, or nonidentical copies. "Document" also refers to any other material, including without limitation, any tape, computer program or electronic data storage facility in or on which any data or information has been written or printed or has been temporarily or permanently recorded by mechanical, photographic, magnetic, electronic or other means, and including any materials in or on which data or information has been recorded in a manner which renders unintelligible without machine processing.

L. The term **"referring"** or **"relating"** shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

M. The singular and masculine form of any noun or pronoun includes the plural, the feminine, and the neuter.

N. The terms **"identification," "identify,"** and **"identifying"** when used in reference to:

1. **Natural Persons**: Means to state his or her full name, residential address, present or last known business address and telephone number, and present or last known position and business affiliation with you;

2. **Corporate Entities:** Means to state its full name and any other names under which it does business, its form or organization, its incorporation, its present or last known address, and the identity of the officers or other persons who own, operate, or control the entity;

3. **Documents:** Means you must state the number of pages and nature of the document (e.g. letter or memorandum), its title, its date, the name or names of its authors and recipients, its present location and custodian, and if any such document was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof and the persons responsible for making the decision as to such disposition;

4. **Communication:** Requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication and to the extent that the communication was non-written, to identify each person participating in the communication and to state the date, manner, place and substance of the communication; and

5. **Activity:** Requires you to provide a description of each action, occurrence, transaction or conduct, the date it occurred, the location at which it occurred, and the identity of all persons involved.

O. The term **"Claim File"** means the claim files and "field file(s), " whether kept in paper or electronic format, including but not limited to all documents, file jackets, file notes, claims diary or journal entries, log notes, handwritten notes, records of oral communications, communications, correspondence, photographs, diagrams, estimates, reports, recommendations, invoices, memoranda and drafts of documents regarding the Claim.

P. The term **"Underwriting File"** means the entire file, including all documents and information used for underwriting purposes even if you did not rely on such documents or information in order to make a decision regarding insuring Plaintiffs' Property.

## NOTICE OF AUTHENTICATION

You are advised that pursuant to Tex. R. Civ. P. 193.7, Plaintiffs intend to use all documents exchanged and produced between the parties, including but not limited to correspondence and discovery responses during the trial of the above-entitled and numbered cause.

## INTERROGATORIES TO DEFENDANT

Interrogatory No. 1:
Identify all persons answering or supplying any information in answering these interrogatories.

ANSWER:

Interrogatory No. 2:
Identify all persons who were involved in evaluating Plaintiffs' claims and provide the following information for each person you identify:

      a.  Their name and job title(s) as of the Date of Loss;
      b.  Their employer; and
      c.  Description of their involvement with Plaintiffs' Claim.

ANSWER:

Interrogatory No. 3:
If you contend that the some or all of the damages to the Property were not covered loses under the Policy, describe:

      a.  The scope, cause and origin of the damages you contend are not covered losses under the Policy; and
      b.  The term(s) or exception(s) of the Policy you relied upon in support of your decision regarding the Claim.

ANSWER:

Interrogatory No. 4:
State whether the initial estimate you issued was revised or reconciled, and if so, state what was changed and who did it.

ANSWER:

Interrogatory No. 5:
If you contend that Plaintiffs did not provide you with requested information that was required to properly evaluate Plaintiffs' Claim, identify the information that was requested and not provided, and the dates you made those request(s).

ANSWER:

Interrogatory No. 6:
If you contend that Plaintiffs' acts or omissions voided, nullified, waived or breached the Policy in any way, state the factual basis for your contention(s).

ANSWER:

Interrogatory No. 7:
If you contend that Plaintiffs failed to satisfy a condition precedent or covenant of the Policy in any way, stat the factual basis for your contention(s).

ANSWER:

Interrogatory No. 8:
Identify the date you first anticipated litigation.

ANSWER:

Interrogatory No. 9:
State the factual basis for each of your affirmative defenses.

ANSWER:

Interrogatory No. 10:
If you contend that Plaintiffs failed to provide proper notice of the claim made the basis of this lawsuit, describe how the notice was deficient, and identify any resulting prejudice.

ANSWER:

Interrogatory No. 11:
If you contend that Plaintiffs failed to mitigate damages, describe how Plaintiffs failed to do so, and identify any resulting prejudice.

ANSWER:

Interrogatory No. 12:
Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

ANSWER:

## REQUESTS F OR PRODUCTION TO DEFENDANT

1. Please produce State Farm Lloyds' complete claim files from the home, regional and local offices, as well as third party adjusters/adjusting firms regarding the subject claim, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiffs' underlying claim.

2. Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3. Please produce a certified copy of the insurance policy pertaining to the claim made subject of this lawsuit, including all underwriting files and insurance applications sent on behalf of Plaintiffs in their attempt to secure insurance on the Property, which is the subject of this suit.

4. Please produce the electronic diary, including the electronic and paper notes made by State Farm Lloyds' claims personnel, contractors, and third-party adjusters/adjusting firms relating to the Plaintiffs' claim.

5. Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6. Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiffs' underlying claim.

7. Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the Property, which is the subject of this suit.

8. Please produce the emails, instant messages and internal correspondence pertaining to Plaintiffs' underlying claim.

9. Please produce the videotapes, photographs and recordings of Plaintiffs or Plaintiffs' home, regardless of whether State Farm Lloyds intends to offer these items into evidence at trial.

10. Please produce all communications, correspondence, documents and emails between any and all assigned adjusters and/or agents and the Plaintiffs, not limited to physical or audio recordings of all conversations between Plaintiffs and any and all assigned adjusters and/or agents.

11. Please produce all audio recordings or transcripts of conversations, calls, text, email or any other data sent to and from Plaintiffs by any and all assigned adjusters and/or agents after their letter of representation sent by counsel.

12. Please provide copies of all marketing material sent on behalf of State Farm Lloyds and/or its agents after the date of loss of the Property, which is the subject of this suit.

13. Please provide all correspondence between State Farm Lloyds and its assigned adjuster, and all correspondence between State Farm Lloyds and its assigned agents, after the date of loss of the Property, which is the subject of this suit.

14. Produce your claim handling manual(s) (including operating guidelines) in effect on the Date of Loss related to your claim practices, procedures and standards for property losses and/or wind and hail storm claims, for persons handling claims on your behalf.

15. Produce your property claims training manual and materials in effect on the Date of Loss, for persons handling, investigating and adjusting claims.

16. Produce all estimates, drafts of those estimates, reports or memoranda, including drafts of the same created for you or by any independent adjusters or adjusting firms in connection with the Claim.

17. Produce all documents you identified, referred to, or relied upon in answering Plaintiffs' interrogatories.

18. To the extent that you claim a privilege over any documents, please provide a privilege log in accordance with the Texas Rules of Civil Procedure.

# EXHIBIT 1-B

DELIVERED: _9/18/19_
by: _KM_

2019CVK001319D3

55009-1

## CITATION

**THE STATE OF TEXAS**

**COUNTY OF WEBB**       **COURT DATE: 10/16/2019 AT 1:30 P.M.**

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:   STATE FARM LLOYDS
      BY SERVING: CORPORATION SERVICE COMPANY
      D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY
      211 EAST 7th STREET SUITE
      AUSTIN TX  78701

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 341st District Court** of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2019CVK001319D3, styled:

**ALMA ROSA RANGEL; ROBERTO RANGEL, Jr., PLAINTIFFS**
**VS.**
**STATE FARM LLOYDS, DEFENDANT**

Said Plaintiff's Petition was filed on 07/18/2019 in said court by:
      **EDDIE LANE, ATTORNEY FOR PLAINTIFF**
      **2900 N LOOP W STE 850**
      **HOUSTON TX  77092**

**WITNESS ESTHER DEGOLLADO**, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, on this the 22nd day of July, 2019.

C L E R K   O F   C O U R T

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _____ DEPUTY
      Arlene Gonzalez

CTH: 9/18/19 at 2:45 PM

# EXHIBIT 1-C

Filed
10/11/2019 10:31 AM
Esther Degollado
District Clerk
Webb District
Nora Ruiz
2019CVK001319D3

## CAUSE NO. 2019CVK001319D3

| | | |
|---|---|---|
| ALMA ROSA RANGEL AND | § | IN THE DISTRICT COURT |
| ROBERTO RANGEL, JR. | § | |
| | § | |
| vs. | § | 341ST JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS | § | WEBB COUNTY, TEXAS |

---

### DEFENDANT'S ANSWER TO PLAINTIFFS' ORIGINAL PETITION
### and
### VERIFIED PLEA IN ABATEMENT

---

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES STATE FARM LLOYDS, the Defendant in the above entitled and numbered cause, and files this its Original Answer to Plaintiffs' Original Petition, and in support thereof would respectfully show this Honorable Court the following:

### I.    GENERAL DENIAL

1.    Reserving the right to file other further pleadings, exceptions and/or denials, Defendant generally denies each and every material allegation contained in Plaintiffs' Original Petition and demands strict proof thereof in accordance with the laws and the Rules of Civil Procedure of the State of Texas.

### II.    AFFIRMATIVE DEFENSES AND VERIFIED DENIAL

2.    Defendant denies that proper pre-suit notice has been given as required by the Texas Insurance Code. Specifically, Plaintiffs have failed to provide notice as required by TEX. INS. CODE §541.154 and §542A.003.  Plaintiffs attempt to state claims and seek damages for alleged violations of the Texas Insurance Code, but Plaintiffs have failed to comply with the statutorily mandated conditions in order to obtain any relief under the statute. Specifically, Chapter 541 and 542A of the

Texas Insurance Code requires, as a prerequisite to bringing any action for damages, that a complaining party give written notice to a defending party at least sixty (60) days before filing suit.  Plaintiffs' pre-suit notification or demand must meet specific requirements set forth in the statute and provide Defendant sixty (60) days to respond prior to bringing any suit. *See* TEX. INS. CODE §541.154(a) and §542A.003. Plaintiffs have failed to provide Defendant notice as required by Chapter 541 and 542A of the Texas Insurance Code. Therefore, State Farm Lloyds pleads the limitations on Plaintiffs' possible recovery of attorney's fees as set forth in Sections 542A of the Texas Insurance Code and, in particular, that Plaintiffs not be awarded any attorney's fees under Section 542A.007(c), should it apply, or, alternatively, that any award of attorney's fees to Plaintiffs be limited to the lesser of the amounts set forth in Section 542A.007(a)(1), (2), or (3) should Section 542A.007(c) not apply. State Farm Lloyds further pleads all other limitations on Plaintiffs' possible recovery of attorney's fees set forth elsewhere in Section 542A of the Texas Insurance Code. Defendant pleads TEX. INS. CODE §542A.007(d) and asserts it was not provided, but was entitled to, pre-suit notice regarding reasonable and necessary attorney's fees calculated by using "an hourly rate that is customary for similar legal services" as set out by TEX. INS. CODE §542A.003(b)(2), at least 61 days before the date the action was filed by claimants, and thus this Defendant seeks the Court deny any award of attorney's fees to Plaintiffs, incurred after the date the Defendant files this pleading with the Court. Plaintiffs also failed to timely provide the statutorily required notice to Defendant prior to filing this lawsuit, as they failed to serve Defendant with notice of the specific complaint and the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person. TEX. INS. CODE §541.154.

3.     Defendant denies Plaintiffs have performed the conditions precedent to bringing suit. Pursuant to Texas Rule of Civil Procedure 54, and without limitation, Defendant denies that Plaintiffs have provided proper written notice as required by Insurance Code Chapter 542, and have failed to

comply with the terms and provisions of the policy, including but not limited to the Suits Against Us provision.   Further, Defendant denies Plaintiffs have timely reported the loss and Defendant denies Plaintiffs timely damage to the extent they now claim damages not previously reported.

4.      Plaintiffs' causes of action fail because there exists a *bona fide* and legitimate dispute between State Farm and Plaintiffs with regard to the legal construction of certain policy provisions and exclusions and the nature, extent and cause of damages.

5.      Plaintiff's claims under Section 542 of the Texas Insurance Code ("Prompt Payment of Claims") are barred, in whole or in part, because Plaintiffs did not provide Defendant a written notice of claim reasonably apprising Defendant of the facts relating to the claim.

6.      Defendant specifically denies it violated the Texas Deceptive Trade Practices Act.

7.      Defendant specifically denies it knowingly or intentionally violated the Texas Insurance Code or the Texas Deceptive Trade Practices Act as alleged by Plaintiffs.

8.      Defendant specifically denies that Plaintiffs' losses covered under their policy of insurance were not fully paid.

9.      State Farm specifically denies any breach of contract.

10.     State Farm specifically denies that it acted in bad faith, whether by common law or statutory standards, including but not limited to denial of any breach of the duty of good faith and fair dealing, violation of the Texas Insurance Code, and/or violation of the Texas Deceptive Trade Practices Act.

11.     Defendant specifically denies that any misrepresentations were made regarding the facts or policy provisions relating to coverage under the policy issued by State Farm to Plaintiffs.

12.     Defendant specifically denies that it made any actionable misrepresentation to Plaintiffs.

13.     Defendant asserts that Plaintiffs cannot recover on any of Plaintiffs' claims because any damage allegedly suffered by Plaintiffs did not result from, and was not proximately caused by, any wrongful conduct on the part of Defendant.

14.     State Farm specifically asserts that it is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of all payments State Farm has made or will make to or on behalf of Plaintiffs under the policy in connection with the damages and the insurance claim.

15.     Defendant asserts that Plaintiffs cannot recover on any of Plaintiffs' claims because any damage allegedly suffered by Plaintiffs did not result from, and was not proximately caused by, any wrongful conduct on the part of Defendant.

16.     Accordingly, Plaintiffs have no cause of action against Defendant for which relief can be granted. Such failures include, but are not limited to the following: Plaintiffs' failed to promptly notify Defendant about some or all of the alleged damages, Plaintiffs have specifically failed to prove their alleged damages are losses covered under the policy and/or they have failed to segregate the portion of their alleged damages that are covered from the portion that is not covered.

17.     Defendant asserts Plaintiffs cannot recover on any of Plaintiffs' claims because any damage allegedly suffered by Plaintiffs in connection with the complained-of transaction was caused by Plaintiffs' own negligence and/or lack of due diligence.

18.     Under the Insuring Agreement, Plaintiffs bear the burden to prove damage resulting from an occurrence of accidental, direct, physical loss to the insured property during the policy period. Plaintiff lacks proof that any additional damages resulted from any accidental, direct, physical loss during the policy period.

19.     Defendant hereby also asserts all conditions of the policy at issue including but not limited to all terms, deductibles, limitations on coverage, exclusions set out in the Policy, including but not limited to the following:

### SECTION I- LOSSES NOT INSURED

1.     We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in item a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or

4

widespread damage, arises from natural or external forces or occurs as a result of any combination of these:

* * *

g.      wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

i.      wet or dry rot;

m.      birds, vermin, rodents, insects, or domestic animals.  We do cover the breakage of glass or safety glazing material which is part of a building when caused by birds, vermin, rodents, insects, or domestic animals.

3.      We do not insure under any coverage for any loss consisting of one or more of the items below.  Further, we do not insure for loss described in paragraphs 1. and 2. Immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss of any other cause of the loss:

b.      defect, weakness, inadequacy, fault or unsoundness in:
        (2) design, specifications, workmanship, construction, grading, compaction;
        (3) materials used in construction or repair; or
        (4) maintenance;

20.     Additionally, the Policy provides that actual repair or replacement of the damaged property is a condition precedent to payment of the claim at replacement cost value. To the extent, if applicable, Plaintiffs have failed to make actual repairs or replacement of the damaged property, they are only entitled to recover the actual cash value at the time of loss for the damaged property. Defendant pleads Plaintiffs are precluded from recovering replacement cost value to the extent Plaintiffs failed to make repairs within the time set out in the policy.

21.     Further, Defendant assert that Plaintiffs are only entitled to recover the actual cash value of any loss or damage to their wood fence, if any, not to exceed the limit of liability shown in the **Declarations** for COVERAGE A - DWELLING EXTENSION.

22.     Further, Defendant asserts the Replacement Cost Loss Settlement-Common Construction provision.

23.     Plaintiffs' claims are barred, in whole or in part, to the extent that granting the relief alleged by Plaintiffs would result in unjust enrichment.

24.     To the extent Plaintiffs failed to make repairs or replacement paid for by Defendant, Defendant asserts failure to mitigate as an affirmative defense to any exacerbated damage caused as a result.

25.     Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs' alleged damages or losses were caused or aggravated by the actions or inactions of Plaintiffs, persons acting on Plaintiffs' behalf, or third parties for whom Defendant is not legally responsible.

26.     State Farm specifically asserts that it is entitled to an offset or credit against Plaintiff's damages for any depreciation, if any.

27.     State Farm specifically asserts that it is entitled to an offset or credit against Plaintiffs' damages for the applicable windstorm or hail deductible for the insurance policy at issue.

28.     State Farm specifically asserts that Plaintiffs are precluded from recovering attorneys fees under the doctrine of excessive demand. "The dispositive inquiry for determining whether a demand is excessive is whether the claimant acted unreasonably or in bad faith …. If a claimant demands monies to which they [sic] are not entitled, that demand is unreasonable and consequently excessive." *See Wayne v. A.V.A. Vending, Inc.*, 52 S.W. 3d 412, 418 (Tex. App.—Corpus Christi 2001, pet. denied) (citing *Findlay v. Cave*, 611 S.W. 57, 58 (Tex. 1981) and *Ingham v. Harrison*, 148 Tex. 380, 385-386, 224 S.W. 2d 1019, 1022 (Tex. 1949)).

29.     To the extent same is necessary or determined to be implicated in this suit, Tex. Civ. Prac. and Rem. Code §41.001, *et seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and the common law. Further, unless

Plaintiffs prove Defendant's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

30.     Under Texas law, Plaintiffs cannot recover consequential damages for breach or repudiation of an insurance policy. *See Standard Fire Insurance Co. v. Fraiman*, 588 S.W. 2d 681, 683 (Tex. Civ. App. – Houston [14th Dist.] 1979, writ ref'd n.r.e.); *Gross v. Connecticut General Life Insurance Co.*, 390 S.W. 2d 388, 390 (Tex. Civ. App. – El Paso 1965, no writ); *see also Universe Life Insurance Co. v. Giles*, 950 S.W. 2d 48, 60 (Tex. 1997) (Hecht, J., concurring in judgment) (insured's remedy for breach of contract "does not ordinarily include consequential damages").

31.     Defendant specifically denies that liability was reasonably clear.

32.     Defendant's liability, if any, is limited to the amount of the policy limits under the policy at issue in this suit, and/or any other clauses contained in the policy sued upon.

### III.     VERIFIED PLEA IN ABATEMENT

### A.  INTRODUCTION AND BACKGROUND FACTS

33.     On July 18, 2019, Plaintiffs Alma Rosa Rangel and Roberto Rangel Jr. filed an Original Petition against Defendant State Farm Lloyds. Plaintiffs' Original Petition asserts causes of action against defendant based upon, its handling of Claim No. 53-5451-H69, a claim for damage to the insureds' residential property at 2906 Pinder Avenue, Laredo, Texas 78040 as the result of a storm that occurred on or about August 22, 2018.

34.     Plaintiffs' Original Petition seeks damages based on an alleged breach of the insurance contract, alleged violations of the Texas Insurance Code, the Texas Deceptive Trade Practice Act, and alleged breach of the duty of good faith and fair dealing. However, Plaintiffs filed the Original Petition without providing State Farm the statutory notice required by the Texas Insurance Code. Plaintiff's

September 21, 2018 letter to State Farm fails to provide the statutory notice required by TEX. INS. CODE § 542A.003. *See* Exhibit A (correspondence dated September 21, 2018). Plaintiffs' letter fails to provide statements of the acts or omissions giving rise to the claim and also fails to include a calculation of attorney's fees incurred to date. *Id.* Moreover, the notice does not state that the notice was provided to the claimant. TEX. INS. CODE §542A.003(c).

35.     Abatement of this action is mandatory under Texas Insurance Code § 542A.005(b), because Plaintiffs have failed to comply with Section 542A.003(b). Defendant has timely filed this Verified Plea in Abatement less than 30 days after its Original Answer.

## B.     ARGUMENT AND AUTHORITIES

36.     Texas House Bill 1774, which added Chapter 542A to the Texas Insurance Code, became effective for actions filed on or after September 1, 2017. TEX. INS. CODE § 542A.001, *et seq.* Chapter 542A applies to a "first-party claim . . . made by an insured under an insurance policy providing coverage for real property or improvements to real property . . . [that] arises from damage or loss of covered policy caused, wholly or partly, by forces of nature, including . . . hail, wind, . . . or a rainstorm." TEX. INS. CODE § 542A.001(2)(A) & (C). Because Plaintiffs' action was filed after September 1, 2017 and asserts first party insurance claims arising from "a massive hurricane" that allegedly damaged Plaintiffs' residential property, Chapter 542A applies.

37.     In accordance with Texas Insurance Code Section 542A.003, any "person"[1] against whom an action is filed to recover damages is entitled to written notice of each claimant's specific complaints against them, the alleged amount of actual damages being sought, and a calculation of attorney's fees purportedly incurred by the claimant as reflected in contemporaneously-kept time records not later than the 61st day before the suit is filed. TEX. INS. CODE § 542A.003 specifically provides:

---

[1]     As defined by Chapter 542A, "'person' means a corporation, association, partnership, or other legal entity or individual." TEX. INS. CODE § 542A.001(5).

8

(a) **In addition to any other notice required by law or the applicable insurance policy**, not later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person in accordance with this section as a prerequisite to filing the action.

(b) The notice required under this section must provide:

(1) a statement of the acts or omissions giving rise to the claim;

(2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and

(3) the amount of reasonable and necessary attorney's fees **incurred** by the claimant, calculated by multiplying the number of hours **actually worked** by the claimant's attorney, as of the date the notice is given and **as reflected in contemporaneously kept time records**, by an hourly rate that is customary for similar legal services.

*Id.* (emphasis added). Additionally, if the claimant's attorney provides the notice, the attorney must also provide a copy of the notice to the claimant and state in the notice that notice was provided to the claimant. TEX. INS. CODE §542A.003(c).

38.     Giving proper notice under Chapter 542A of the Texas Insurance Code does not relieve a claimant of his or her "obligation to give notice under any other applicable law." TEX. INS. CODE §542A.001(f). Thus, providing the notice required by §542A.003 does not relieve a plaintiff from providing the notice required by Section 541.154 of the Texas Insurance Code, which contains a similar notice requirement.

39.     Giving timely and proper written notice prior to asserting legal claims under the Texas Insurance Code is no mere formality.  The Texas courts of appeals have repeatedly recognized the purpose of statutory pre-suit notice requirements is to discourage litigation and encourage settlements of complaints by insureds against their insurer. *See, e.g., In re Cypress Tex. Lloyds*, 437 S.W.3d 1, 7 (Tex. App. – Corpus Christi 2011, orig. proceeding). Furthermore, the pre-suit notice requirement of the Texas Insurance Code is important because it provides the person who is entitled to proper notice, whether an insurance company or an insurance adjuster, an opportunity "to limit his [or its] damage

9

exposure through an offer of settlement, as contemplated by sections 541.156-.159 of the Insurance Code." *In re Behr*, 2006 WL 468001 at *2-3 (Tex. App. – San Antonio 2006, orig. proceeding) (mem. op.); *see* TEX. INS. CODE §§ 541.156-541.159. Timely statutory notice also provides the recipient with a statutory window in which to demand an inspection of the property that is the subject of the claim. TEX. INS. CODE § 542A.004.[2] The statutory opportunity to demand a property inspection allows the insurer to investigate, and possibly resolve, the insured's dispute without the necessity of litigation. *Compare* TEX. INS. CODE § 542A.005(b) (court may abate action to allow property inspection) and § 542A.005(f) (court may not compel participation in an alternative dispute resolution proceeding until after the abatement period has expired).

40.     Plaintiffs failed to provide proper pre-suit notice to Defendants.

41.     <u>First</u>, Plaintiffs have failed to provide Defendant with sufficient notice of the specific facts that give rise to Plaintiffs complaint. Section 542A.003(b)(1) requires a presuit notice to include "a statement of the acts or omissions giving rise to the claim." TEX. INS. CODE §542A.003(b)(1). Plaintiff must set forth specific factual allegations to support their complaint; conclusory allegations and recitations of boilerplate complaints do not meet the requisite standard. *C.f. Nationwide Prop. & Cas. Ins. Co.*, No. H-10-1651, 2010 WL 2636119 at *1-2. (S.D. Tex. 2010). However, Plaintiffs' letter includes boilerplate complaints with no corresponding factual allegations. The letter fails to identify the who, what, when or where of the "acts or omissions" giving rise to the claims in their petition. *Compare* Exhibit A *with* Plaintiffs' Original Petition at paras.13-16.

42.     <u>Second</u>, Plaintiffs have failed to provide any itemization or estimate of damages. While Plaintiffs state generally that Plaintiffs made a claim…for damages, Plaintiffs failed to specify what damages were suffered. Plaintiffs' failure to specifically identify the damages and provide an estimate prejudices

---

[2]     If an inspection of the property is requested under Texas Insurance Code Section 542A.004, but the party requesting the inspection is not provided a reasonable opportunity to inspect, photograph, or evaluate the property, abatement is also required. TEX. INS. CODE § 542A.004(b)(2).

State Farm, as it was required to guess at the damages it is allegedly responsible for. A letter that fails to give notice of State Farm's alleged omissions does not satisfy the notice provisions in Section 542A.003(b)(1).

43.     Third, Plaintiffs have failed to provide the required information concerning attorney's fees. Section 542A.003(b)(3) expressly states the notice **must provide**:

> "[T]he amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services."

Plaintiffs state they have incurred reasonable attorney's fees of $3,000, but do not provide the hourly rate or number of hours used for that calculation.  Moreover, "a plain reading of the statute is that notice must include *both* the fee *and* the calculation done in accordance with the statutory requirements." Exhibit B, *White v. State Farm Lloyds*, No. 7:18-cv-00359, at 7 (S.D. Tex. Dec. 28, 2018 Order). Plaintiffs' letter admittedly fails to include the required calculation, thus it does not satisfy the requirements of Section 542A.003(b)(3).

44.     Fourth, Plaintiffs' demand fails to include in the notice a statement that a copy of the demand letter is being provided to the claimants,

45.     Because Plaintiffs failed to provide Defendant with the proper written notice under Sections 542A.003 of the Texas Insurance Code and Section 541.154 of the Texas Insurance Code before filing filed suit, this lawsuit must be abated until the 60th day after the date Plaintiff provides Defendant with a notice complying with Texas Insurance Code Section 542A.003 and Texas Insurance Code 541.151. *See* TEX. INS. CODE § 542A.005(e)(1); TEX. INS. CODE. § 541.155(d). Defendant moves this Court to abate this lawsuit because of the lack of proper, compliant pre-suit notice, as required under the Texas Insurance Code.

46.     Because Defendant filed this Verified Plea in Abatement not later than the 30th day after they filed their Original Answer, the abatement of this lawsuit is automatic beginning on the 11th day after

Defendant's Verified Plea in Abatement is filed unless Plaintiffs controvert by affidavit Defendant's denial that the proper statutory notice was given before they filed suit. *See* TEX. INS. CODE § 542A.005(c); TEX. INS. CODE. § 541.155(d).

## IV.   TRCP 193.7 NOTICE

47.     Pursuant to Tex. R. Civ. P. 193.7, Defendant State Farm Lloyds hereby gives notice of its intent to use all documents produced by any party at the time of trial without need for further authentication.

## V.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm Lloyds requests judgment of the Court that Plaintiffs take nothing by this suit, that Defendant be awarded costs, and for such other and further relief to which it may show itself justly entitled to receive.

Respectfully submitted,

**RAMÓN | WORTHINGTON, PLLC**
900 Kerria Ave.
McAllen, Texas 78501
Telephone: 956-294-4800
Facsimile: 956-928-9564

*/s/ Elizabeth Sandoval Cantu*
Dan K. Worthington
State Bar No. 00785282
dworthington@ramonworthington.com
Sofia A. Ramon
State Bar No. 00784811
sramon@ramonworthington.com
Elizabeth Sandoval Cantu
State Bar No. 24013455
ecantu@ramonworthington.com

**Electronic Service to:**
efile@ramonworthington.com

**ATTORNEYS FOR DEFENDANT**

12

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on October 11, 2019 a true and correct copy of the foregoing document was served via e-FileTexas.gov to the following:

Eddie Lane
PERRY & SHIELDS LLP
2900 North Loop W., Suite 850
Houston, Texas 77092
T: 713-955-3102
F: 281-715-3209
elane@perryshields.com
opresas@perryshields.com
**Attorney for Plaintiffs**

<span style="text-align:right; display:block;">*/s/ Elizabeth Sandoval Cantu*</span>
<span style="text-align:right; display:block;">Elizabeth Sandoval Cantu</span>

## CAUSE NO. 2019CVK001319D3

| | | |
|---|---|---|
| ALMA ROSA RANGEL AND ROBERTO RANGEL, JR. | § § § | IN THE DISTRICT COURT |
| vs. | § § | 341ST JUDICIAL DISTRICT |
| STATE FARM LLOYDS | § | WEBB COUNTY, TEXAS |

| | |
|---|---|
| STATE OF TEXAS | § |
| COUNTY OF DALLAS | § |

## VERIFICATION

Before me, the undersigned authority, on this day personally appeared Kiley Clark, known to me to be the person whose name is subscribed to the foregoing instrument, and a person known by me to be over the age of eighteen, and on her oath she testified that he has reviewed the facts set forth in Defendant State Farm Lloyds' Verified Plea in Abatement and affirmative defense regarding the lack of notice from Plaintiff to State Farm Lloyds, and that such facts are within her personal knowledge, based on her review of relevant documents and notices, and are true and correct.

Kiley Clark

_____
Kiley Clark

Given under my hand and seal of office on this __10__ day of __October__, 2019.

_____
Notary Public in and for the State of Texas

EUNICE PEREZ
Notary Public, State of Texas
Comm. Expires 09-23-2020
Notary ID 130835177

# EXHIBIT A



2900 North Loop W., Suite 850                        415 W. Wall Street, Suite 1010
Houston, Texas 77082                                 Midland, Texas 79701
(713) 955-3102                                        (432) 247-3254

James T. Perry, Jr., Partner                                         M. Tyler Shields, Partner
Board Certified – Oil, Gas and Mineral Law                           Licensed in Texas and Pennsylvania
Texas Board of Legal Specialization
Licensed in Texas, New Mexico, North Dakota, and Arkansas

September 21, 2018

State Farm                                                         By Certified Mail
P.O. Box 106169                                            Return Receipt Requested
Atlanta, GA 30348-6169                                     #70173040000077585613

Re:   Policy No. 83-EF-F036-0        Claim No. 535451H69
**Notice of Claim, Texas Deceptive Trade Practices Act (DTPA)**

To Whom It May Concern:

Please be advised that I have been engaged to represent Alma Rangel regarding the above-referenced matter.

Plaintiff purchased an insurance policy for property located at 2906 Pinder Ave., Laredo, Texas 78040, Policy No. 83-EF-F036-0. Plaintiff made a claim on that policy for damages occurring on or about March 27, 2018. State Farm grossly undervalued Claim No. 535451H69 with a "Replacement Cost Value" of $5,435.02.

You engaged in unfair claim settlement practices prohibited by Section 541.060 of the Texas Insurance Code, to wit:

(a)     misrepresenting to a claimant a material fact or policy provision relating to coverage at issue; and

(b)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear.

Furthermore, you misrepresented an insurance policy as prohibited by Section 541.061 of the Texas Insurance Code, to wit:

(a)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

You also engaged in unfair and deceptive acts or practices prohibited by Subchapter B,

Chapter 541, Texas Insurance Code, to wit:

> (a) making, publishing, disseminating, circulating, or placing before the public or directly or indirectly causing to be made, published, disseminated, circulated, or placed before the public in a newspaper, magazine, or other publication, or in the form of a notice, circular, pamphlet, letter, or poster, or over any radio or television station, or in any other manner an advertisement, announcement, or statement containing an untrue, deceptive, or misleading assertion, representation, or statement regarding the business of insurance or a person in the conduct of the person's insurance business.

Notice is hereby given under Section 17.505 of the Texas Deceptive Trade Practices - Consumer Protection Act and under Subchapter D, Chapter 541, Texas Insurance Code that my client has sustained economic damages in the amount of $17,844.73 and attorney's fees of $3,000.00 reasonably incurred by my client in the assertion of this claim, for a total amount of $20,844.73. Demand is therefore made pursuant to the DTPA and Chapter 541 of the Texas Insurance Code for the amount of $20,844.73 in the form of a money order, check or cashier's check, payable to "Perry & Shields, LLP, Trustee."

If payment to my client in the total amount of $20,844.73 as requested hereinabove is not forthcoming within the time provided by law, suit will be filed in a court of competent jurisdiction.

As provided by Section 17.505(a) of the DTPA, we are amenable to the inspection of the 2906 Pinder Ave., Laredo, Texas 78040 in a reasonable manner and at a reasonable time, agreed upon in advance. Please feel free to contact me to set up mutually agreeable arrangements in this regard.

Please be advised that under the DTPA an award of court costs and reasonable and necessary attorney's fees is mandatory to a consumer who prevails in such a lawsuit. Please be further advised that additional damages for mental anguish and up to three times the amount of economic damages may be awarded at trial in the event that the trier of fact finds that actionable conduct was committed "knowingly." If the conduct is found to have been committed "intentionally," my client could recover up to three times the amount of damages for both mental anguish and economic damages.

I urge you to give this matter your immediate attention.

Sincerely,

PERRY & SHIELDS LLP

Eddie Lane
Attorney at Law
elane@perryshields.com

ERL/ERL
cc: client

09/28/2018

# EXHIBIT B

United States District Court
Southern District of Texas
**ENTERED**
December 28, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| DAVID WHITE, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:18-CV-359 |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is State Farm Lloyd's ("Defendant") "Opposed Motion to Sever."[1] Although the motion is styled as opposed, no response was filed, rendering the motion unopposed by operation of the Local Rules.[2] Also before the Court is Defendant's "Verified Plea in Abatement,"[3] the response filed by David White, Eva Garate, Basilio Bazan Munoz Jr., Armindo Munoz, and Salvador Flores (collectively "Plaintiffs"),[4] and the reply filed by Defendant.[5]

After considering the motions, the record, and the relevant authorities, the Court **GRANTS** Defendant's motion to sever, and **GRANTS** Defendant's request to abate each case.

### I. BACKGROUND

This is an insurance action based on property damage each Plaintiff allegedly sustained due to "hail/windstorm" events.[6] The five Plaintiffs in this case own four separate properties which were allegedly damaged in storms that occurred on different dates, and had four separate

---

[1] Dkt. No. 3.
[2] Local Rule 7.4 of the Local Rules of the Southern District of Texas.
[3] Dkt. No. 6.
[4] Dkt. No. 8.
[5] Dkt. No. 9.
[6] *See* Dkt No. 1-2.

policies with Defendant covering those properties.[7] Plaintiffs were dissatisfied with the insurance payouts provided by Defendant and filed suit in state court against Defendant.[8]

Defendant removed to this Court.[9] Defendant subsequently filed a motion to sever the claims pursuant to Federal Rule of Civil Procedure ("Rule") 21,[10] and shortly thereafter its "Verified Plea in Abatement."[11] Plaintiffs did not respond to the motion to sever, rendering it unopposed, but responded to Defendant's request to abate.[12] The Court now turns to its analysis.

## I.  DISCUSSION

### A.  Motion to Sever

#### i.  *Legal Standard*

The question of severance turns upon the question of misjoinder, which is guided by Rule 20.[13] Rule 20(a)(1) states:

> Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or *arising out of the same transaction, occurrence, or series of transactions or occurrences*; and (B) any question of law or fact common to all plaintiffs will arise in the action.[14]

The Fifth Circuit interprets this Rule literally, describing Rule 20's requirements as creating a two-prong test, allowing joinder of plaintiffs when (1) their claims arise of out the "same transaction, occurrence, or series of transactions or occurrences" and when (2) there is at least one common question of law or fact linking all claims.[15] The Fifth Circuit has not specifically

---

[7] *Id.* at pp. 2-4.
[8] *Id.* at pp. 5–11.
[9] Dkt. No. 1.
[10] Dkt. No. 3.
[11] Dkt. No. 6.
[12] Dkt. No. 8.
[13] A*cevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010).
[14] Fed. R. Civ. P. 20(a)(1) (emphasis added).
[15]   *Acevedo*, 600 F.3d at 521 (citing other sources).

defined what constitutes the "same transaction" or "occurrence."[16] However, district courts in Texas have adopted the Eighth Circuit's "logically related" test.[17] This is a case-by-case approach which allows "all reasonably related claims for relief by or against different parties to be tried in a single proceeding."[18]

### ii. Analysis

Defendant bases its motion on the substantial differences in the facts undergirding the claims of the named Plaintiffs. Although Plaintiffs universally assert insurance-related claims based on property damage, their claims are notably related to entirely different policies, different properties, and concern storms that occurred on different days in different cities.[19] Accordingly, to avoid confusion of the issues and congestion of the litigation process, Defendant seeks severance of Plaintiffs' claims into property-specific actions.

The Court agrees. These claims cannot be understood as arising from the "same transaction, occurrence, or series of transactions or occurrences."[20] Thus, the Court finds that this suit should be separated into four separate lawsuits in the following manner:

1. Plaintiff David White, asserting claim(s) related to property located at the address of 821 Park Circle, Edinburg, Texas 78539, will remain as the plaintiff in this case, number 7:18-cv-359. This plaintiff will not be required to pay a filing fee, but must **file an amended complaint** on or before **January 18, 2019**.

2. The Court severs the claim(s) of Plaintiff Eva Garate asserting claim(s) related to property located at the address of 12815 Mile 21 North, Edcouch, Texas 78538. This plaintiff is ordered to **file an amended complaint** and **pay the $400.00 filing fee** on or before **January 18, 2019**.

---

[16] *See Jackson v. Texas Parks & Wildlife Dep't*, 2015 WL 12862879, at *2 (W.D. Tex. Oct. 2, 2015), report and recommendation adopted, 2015 WL 12909434 (W.D. Tex. Oct. 21, 2015).
[17] *Id*. (collecting cases).
[18] *Id*. (citing *Mosely v. General Motors Corp.*, 497 F.2d 1330, 1332–33 (8th Cir. 1974)).
[19] *See* Dkt. No. 2 p. 2, ¶ 4.
[20] *See* Fed. R. Civ. P. 21(a)(1).

3 / 9

3. The Court severs the claim(s) of Plaintiffs Basilio Bazan Munoz Jr. and Arminda Munoz, jointly asserting claim(s) related to property located at the address of 611 West 12th Street, Weslaco, Texas 78596. These plaintiffs are ordered to **file an amended complaint** and **pay the $400.00 filing fee** on or before **January 18, 2019**.

4. The Court severs the claim(s) of Plaintiff Salvador Flores asserting claim(s) related to property located at the address of 6828 North 4th Street, McAllen, Texas 78504. This plaintiff is ordered to file an amended complaint and **pay the $400.00 filing fee** on or before **January 18, 2019**.

The Court now turns to Defendant's verified plea requesting to abate the case.

### B. Abatement

#### i. Legal Standard

Under the Texas Insurance Code § 542A, a case must be abated due to a plaintiff's failure to provide 60 days' notice prior to bringing suit.[21] Section 542A.003(b) sets forth the following requirements for pre-suit written notice by the claimant:

(b) The notice required under this section must provide:
(1) a statement of the acts or omissions giving rise to the claim;
(2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and
(3) the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.[22]

Notice letters with specific factual allegations supporting the causes of action, or at least enough information to imply those facts, satisfy the notice requirement.[23] The Fifth Circuit has not ruled on the applicability of § 542A's notice provision in federal court, but district courts that have

---

[21] *See* Tex. Ins. Code § 542A.005(b) (LexisNexis, Lexis Advance through the 2017 Regular Session and 1st C.S., 85th Legislature) *see also Davis v. Allstate Fire & Cas. Ins. Co.*, Civil Action No. 4:18-CV-00075, 2018 U.S. Dist. LEXIS 109574, at *3 (E.D. Tex. June 29, 2018).

[22] Tex. Ins. Code § 542A.005(b)(1–3).

[23] *See Perrett v. Allstate Ins. Co.*, No. 4:18-cv-01386, 2018 U.S. Dist. LEXIS 97405, at *4 (S.D. Tex. June 11, 2018) (citing *Lewis v. Nationwide Prop. & Cas. Ins. Co.*, 2011 U.S. Dist. LEXIS 22948, 2011 WL 845952, at *5 (S.D. Tex. Mar. 8, 2011)).

recently analyzed the notice provision in § 542A have found that federal courts should apply it strictly.[24]

The 60-day notice requirement is to "discourage litigation and encourage settlements of consumer complaints,"[25] by allowing the defendant-insurer a right and opportunity to make a settlement offer.[26] If abatement is necessary, an abatement "continues until . . . the 60th day after the date a [complying] notice . . . is given."[27]

### ii. Analysis

Defendant requests that the Court abate the instant action because Plaintiff did not give the required 60-day notice before filing suit, and to date, Defendants have not received proper notice.[28] Defendant states that Plaintiffs' notice did not contain specific allegations regarding each claim as required and did not provide separate damages and attorney's fees calculated for each property.[29] Plaintiffs responded that their pre-suit notices were sufficient.[30]

Here, the Court determines that Plaintiffs' notice does not comply with requirements of the Texas Insurance Code. Plaintiffs' letters to Defendant contain scant factual information and are almost entirely boilerplate recitations of the legal standards supporting its claims.[31] Even though each claim involves different properties, and most concern different storms that occurred on different dates, each letter is nearly identical; the only differences in the letters are the names,

---

[24] *See Perrett*, 2018 U.S. Dist. LEXIS 97405, 2018 WL 2864132, at *3; *Carrizales v. State Farm Lloyds*, No. 3:18-CV-0086-L, 2018 U.S. Dist. LEXIS 58875, 2018 WL 1697584, at *1 (N.D. Tex. Apr. 6, 2018); *Davis*, 2018 U.S. Dist. LEXIS 109574, at *3.

[25] *Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992) (quoting *John Walter Homes, Inc. v. Valencia*, 690 S.W.2d 239, 242 (Tex. 1985)).

[26] *See* Tex. Ins. Code § 541.156; In Re Behr, 2006 Tex. App. LEXIS 1588, 2006 WL 468001, at *2 (Tex. App.—San Antonio Mar. 1 2006) (without pre-suit notice, a defendant "is denied his right to limit his damage exposure through an offer of settlement as contemplated by sections 541.156-.159 of the Insurance Code").

[27] *Id.* § 542A.005(e)(1).

[28] Dkt. No. 6.

[29] *Id.*

[30] Dkt. No. 8.

[31] *See* Dkt. No. 8-2 (Pre-notice letter and appraisal regarding David White); Dkt. No. 8-3 (Pre-notice letter and appraisal regarding Eva Garate); Dkt. No. 8-4 (Pre-notice letter and appraisal regarding Basilio Bazan Munoz Jr. and Arminda Munoz); Dkt. No. 8-5 (Pre-notice letter and appraisal regarding Salvador Flores).

addresses and policy numbers of the Plaintiff(s) and the amounts listed for economic damages, interest and attorney's fees.[32] The only information presented that could be considered a statement of the acts or omissions giving rise to the claim are the following sentences—each copied verbatim into each letter:

> Your company has conducted an inadequate examination of the damage from the hail/windstorm damage and the claims made by your insured. To date, the handling of the claims for hail/windstorm damage, have resulted in significant problems for our client.[33]

In addition, each letter was supported by an appraisal report for the specific property at issue with damages that correspond to the economic damages listed in each letter.[34]

The information in these letters is not sufficient information to meet the notice requirements of the statute. The brief boilerplate sentences clearly provide no specific factual information that could be considered a "statement of the acts or omissions giving rise to the claim."[35] Indeed, the few sentences in the letters, merely copied and pasted into each form letter, is not even enough to *imply* a statement of acts and omissions that could form the basis of Plaintiffs' claims. Presumably each Plaintiff has a different set of factual circumstances that gave rise to their filing a lawsuit against Defendant. However, this boilerplate language gives Defendant no notice about what "acts or omissions" give rise to the claims being asserted against it. Thus, the letters could not allow Defendant to attempt to settle with each Plaintiff regarding the specific claims each Plaintiff is bringing against Defendant and therefore do not conform with the purpose of the statute or a plain reading of the statute's requirements.

Similarly, the appraisals provide no basis for Defendant to have pre-suit notice of any alleged acts or omissions by Defendant that may be the foundation of the suit(s) against

---

[32] *See* Dkt. Nos. 8-2 p. 5, 8-3 p. 5, 8-4 p. 5, 8-5 p. 5.

[33] *See* Dkt. Nos. 8-2 p. 2, 8-3 p. 2, 8-4 p. 2, 8-5 p. 2.

[34] *See* Dkt Nos. 8-2, 8-3, 8-4, 8-5.

[35] *See* Tex. Ins. Code § 542A.005(b)(1).

6 / 9

Defendant. Although the appraisals provide a list of damages that each Plaintiff is claiming was caused by Defendant's "acts or omissions," a list of damages does not allow Defendant to discern *what acts and omissions* may have been the cause of those damages. Again, the appraisals do not provide Defendant notice of what conduct each Plaintiffs believes supports a cause of action against Defendant, and thus does not provide Defendant sufficient information to negotiate a settlement and avoid litigation. This clearly negates the purpose of the statute. Thus, interpreting this notice requirement strictly, the Court finds each Plaintiffs' letter and accompanying appraisal to Defendant do not constitute sufficient notice in compliance with the requirements of § 542A.005(b)(1) of the Texas Insurance Code.

Further, Plaintiffs' letters to Defendant do not satisfy the requirement to provide notice of attorney's fees pursuant to § 542A.005(b)(3). The statute clearly states that "notice required under this section *must provide*"[36] attorney's fees "calculated by multiplying the number of hours actually worked by the claimant's attorney . . . ."[37] Plaintiffs aver that the calculation in each letter has been done in accordance with the statute, and thus including the calculation itself is not necessary to meet the requirements of the statute.[38] However, this statute concerns the *notice* required before a lawsuit may be filed. The word "provide" indicates that the statute's purpose is to demonstrate what must be included in order to be considered sufficient notice.

Thus, a plain reading of the statute is that notice must include *both* the fee *and* the calculation done in accordance with the statutory requirements. This reading complies with purpose of the statute, which is to provide notice to a defendant of the claims against it in order to encourage settlement,[39] not to regulate the calculation of attorney's fees.

---

[36] *Id.* § 542A.005(b) (emphasis added).
[37] *Id.* § 542A.005(b)(3).
[38] Dkt. No. 8 p. 3.
[39] *See Hines*, 843 S.W.2d at 469.

Here, Plaintiffs' letters contain a blanket amount with no indication of how the attorney fees were calculated.[40] Therefore, the Court finds that Plaintiffs' notice does not comply with the statutory requirements of § 542A.005(b)(3).

For the foregoing reasons, Plaintiff's notice to Defendant is not in compliance with the requirements of § 542A.005 of the Texas Insurance Code. Accordingly, Defendant's plea in abatement is **GRANTED**, and each case is **ABATED**.

## II. HOLDING

Based on the foregoing, considering Defendant's request to sever, the Court:

- **GRANTS** Defendant's motion to sever[41] and the Court **SEVERS** the actions into four separate cases as explained above.

- **ORDERS** all Plaintiffs to file an amended complaint on or before **January 18, 2019**.

- **ORDERS** all Plaintiffs in the newly-created actions to pay the filing fees on or before **January 18, 2019**. **Failure to pay the filing fees in a case on or before January 18, 2019, as ordered will result in dismissal of that case.**

- The Court instructs the Clerk of the Court to adjust the style of this action to reflect the newly-aligned parties.

In addition, considering Defendant's verified plea in abatement,[42] the Court:

- Determines Defendant is entitled to abatement. Accordingly, each case is automatically **ABATED** until 60 days after each Plaintiff provides Defendant proper notice in compliance with the Texas Insurance Code § 542A.005.

---

[40] *See* Dkt Nos. 8-2, 8-3, 8-4, 8-5.
[41] Dkt. No. 3.
[42] Dkt. No. 6.

8 / 9

- Further, the Court **ORDERS** each Plaintiff to file a status report with the Court by **February 15, 2019** informing the Court whether proper notice has been sent to Defendant. **Failure to provide notice in each case on or before February 15, 2019, as ordered will result in dismissal of that case.**

- Finally, the Court **CANCELS** the upcoming conference now scheduled for January 15, 2019.[43]

IT IS SO ORDERED.

DONE at McAllen, Texas, this 27th day of December, 2018.

_____
Micaela Alvarez
United States District Judge

---

[43] *See* Dkt. No. 2.

# EXHIBIT 1-D

# REGISTER OF ACTIONS
## CASE NO. 2019CVK001319D3

| | | |
|---|---|---|
| **ALMA ROSA RANGEL VS. STATE FARM LLOYDS** | § <br> § <br> § <br> § <br> § | Case Type: **All Other Civil Cases (DC)** <br> Date Filed: **07/18/2019** <br> Location: **--341st District Court** |

---

### PARTY INFORMATION

| | | | |
|---|---|---|---|
| | | | **Attorneys** |
| Defendant | **STATE FARM LLOYDS** | | **ELIZABETH SANDOVAL CANTU** <br> *Retained* <br> 956-294-4800(W) |
| Plaintiff | **RANGEL, ALMA ROSA** | | **EDDIE LANE** <br> *Retained* <br> 713-955-3102(W) |
| Plaintiff | **RANGEL, ROBERTO, Jr.** | | **EDDIE LANE** <br> *Retained* <br> 713-955-3102(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 07/18/2019 | **Civil Case Filed (OCA)** | | |
| 07/18/2019 | **Original Petition** <br> *PLAINTIFF'S ORIGINAL PETITION WITH WRITTEN DISCOVERY* | | |
| 07/18/2019 | **Jury Demand** <br> *JURY DEMAND PAID BY ATTORNEY EDDIE LANE* | | |
| 07/22/2019 | **Calendar Call** <br> *CALENDAR CALL FAXED TO ATTORNEY EDDIE LANE* | | |
| 07/22/2019 | **Citation-Issuance** <br> *(2) CITATIONS ISSUED AS TO STATE FARM LLOYDS AND PLACED IN PRIVATE SERVER BOX ON 7/22/19* | | |
| 07/22/2019 | **Citation** <br>      STATE FARM LLOYDS | Served <br> Returned | 09/18/2019 <br> 09/20/2019 |
| 09/20/2019 | **Citation Return-Executed** <br> *CITATION RETURN EXECUTED AS TO STATE FARM LLOYDS BY SERVING: CORPORATION SERVICE COMPANY (DATE OF SERVICE 9/18/19)* | | |
| 10/11/2019 | **Answer-Miscellaneous** <br> *DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION AND VERIFIED PLEA IN ABATEMENT. ATTACHED WITH EXHIBITS.* | | |
| 10/16/2019 | **Calendar Call**   (1:30 PM) (Judicial Officer Palomo, Beckie) | | |